IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS THOENNES, | ) Case No. 09-2822 SC |
| Plaintiff, | ) ORDER RE: DEFENDANT'S |
| v. | ) MOTION TO DISMISS AND FOR ) SANCTIONS AND PLAINTIFF'S |
| MASARI INVESTMENTS, LLC, | ) REQUEST TO TRANSFER ) |
| Defendant. | ) ) |

## I. INTRODUCTION

This matter comes before the Court on the Motion to Dismiss and for Sanctions ("MTD") filed by Defendant Masari Investments, LLC ("Masari"). Docket No. 3. Masari claims that this Court lacks personal jurisdiction over Masari, that Masari was never properly served, and that the Complaint in this matter fails to state a claim. MTD at 2. Masari also requests sanctions against the plaintiff's counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure. Id. Plaintiff Nicholas Thoennes ("Thoennes") filed an Opposition, which includes a request that this Court transfer the suit to the District of Arizona. Docket No. 16. Masari filed a Reply. Docket No. 18.

Having considered all of the papers submitted by both parties, the Court concludes that the issues raised by the parties are suitable for determination without oral argument. The Court hereby

GRANTS Thoennes' request to transfer this suit to the District of Arizona. Masari's Motion to Dismiss and for Sanctions is DENIED.

## II. BACKGROUND

Masari is a company that purchases defaulted consumer credit card debt, and is apparently located in Arizona. MTD at 2; Compl., Docket No. 1, ¶ 4. Thoennes alleges that Masari has attempted to collect an outstanding debt against him, and that Masari's collection methods have violated both the Federal Fair Debt Collection Practices Act ("FFDCPA"), 15 U.S.C. §§ 1692 et seq., and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788 et seq. Compl. ¶ 5. In particular, Thoennes refers to a "baseless" lawsuit that was filed against him in Arizona state court. Id.; Aff. of Thoennes, Docket No. 17, ¶ 5. Masari filed that law suit against Thoennes in 2008. See MTD Ex. A ("Arizona Suit Summons").

Plaintiff claims that he lived in California during the time that he incurred the credit card debt that was the subject of the Arizona suit. Aff. of Thoennes ¶ 4. However, he moved away from California in 1997, and did not move back to California until 2009. Id. ¶ 3. Although Thoennes does not indicate where he was living in the interim, he does not claim that he was living in California. Id. Masari contends that he was living in Arizona, at least as of 2008. MTD at 3.

## III. LEGAL STANDARD

Rule 12(b)(2) of the Federal Rules of Civil Procedure permit a court to dismiss a suit for lack of personal jurisdiction over a

defendant. "The burden of proof is on the plaintiff to show that jurisdiction is appropriate, but in the absence of an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990). Jurisdiction must comport with both the long-arm statute of the state in which the district court sits, as well as the constitutional requirements of due process. Mattel, Inc., v. Greiner & Hausser GmbH, 354 F.3d 857, 863 (9th Cir. 2003). The Ninth Circuit has recognized that the California long-arm statute, Cal. Code Civ. Proc. § 410.10, allows Courts to exercise jurisdiction consistent with the limits of the Due Process Clause of the Constitution, "so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." Boschetto v. Hansing, 539 F.3d 1011, 1015-16 (9th Cir. 2009).

In response to Masari's Motion, Thoennes has requested that this Court transfer the suit to the District of Arizona. Opp'n at 5-8. If this Court concludes that venue is improper, then this case may be transferred "to any district or division in which it could have been brought," so long as the transfer serves "the interest of justice." 28 U.S.C. § 1406(a).

**IV. DISCUSSION**

    **A. Personal Jurisdiction over Masari**

Thoennes has not even attempted to establish a prima facie case that this Court has personal jurisdiction over Masari. There is no evidence that Masari performed any act in California, or that it attempted to collect a debt from Thoennes at any time that

3

Thoennes has lived in California.[1]  Although Thoennes claims that he lived in California when he originally incurred the debt that Masari later purchased, there is no evidence that Thoennes was a California resident when Masari purchased the debt, or that Masari knew that the debt it was purchasing had any tie to the state of California.  Finally, Thoennes "concedes that it is possible that . . . this court may lack personal jurisdiction over the defendants [sic] because of insufficient minimum contacts."  Opp'n at 6.  The Court concludes that Thoennes has failed to meet his burden of establishing constitutionally sufficient minimal contacts between Masari and the State of California to support personal jurisdiction over Masari.

Thoennes invokes the jurisdictional provision of the FFDCPA, which reads as follows:  "An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).  This Court finds that this provision does not obviate the requirement of personal jurisdiction.  Accord Sluys v. Hand, 831 F. Supp. 321, 325 (S.D.N.Y. 1993) ("A non-restrictive approach toward forum determination under the Act is set forth in 15 USC § 1692k(d), which does not expand personal jurisdiction parameters but indicates that they should not be construed in an unduly restrictive way in cases under the Act."); see also Fried v. Surrey

---

[1] Apparently the last date upon which Masari attempted to collect upon the debt was February 9, 2009.  Aff. of Thoennes ¶ 7. However, Thoennes does not state when he moved back to California, except that it occurred "in 2009."  Id. ¶ 9.  Thoennes does not claim that Masari took any action against him after he moved.

4

Vacation Resorts, Inc., No. 08-534, 2009 U.S. Dist. LEXIS 17534, *14 (W.D. Wis. Mar. 6, 2009) ("Nothing in the statute expands the scope of jurisdiction for cases brought under 15 U.S.C. § 1692.").

Plaintiff has not established a prima facie showing that this Court has personal jurisdiction over Masari.  The Court therefore does not reach Masari's separate arguments regarding failure of service, and it cannot reach its arguments that Thoennes failed to state a claim for which relief may be granted.

**B.   Thoennes' Request to Transfer**

Thoennes requests that, rather than dismiss this suit for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the Court should transfer the suit to the District of Arizona, where Masari admittedly conducts its business, pursuant to 28 U.S.C. § 1406(a).  Opp'n at 5-8.  Section 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought."  28 U.S.C. § 1406(a).  Neither party contests that this is "a case laying venue in the wrong division or district," id., since it is a suit in which "jurisdiction is not founded solely on diversity of citizenship" and this is neither "a judicial district where any defendant resides" nor "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," id. § 1391(b).[2]  Courts that find that they lack jurisdiction over

---

[2] Thoennes claims, while apparently conceding the point, that he "believed that the Northern District of California was the proper venue because the debt that gives rise to the Plaintiff's claim occurred in that jurisdiction."  Opp'n at 6.  Whatever Thoennes did

5

a defendant may transfer a suit pursuant to § 1406(a) rather than dismiss it. Burnett v. New York Central Railroad Co., 380 U.S. 424, 430 (1965) (holding that § 1406(a) prevents "the unfairness of barring a plaintiff's action solely because a prior timely action is dismissed for improper venue after the applicable statute of limitations has run"); Froelich v. Petrelli, 472 F. Supp. 756, 760 (D. Haw. 1979) (concluding that transfer to another district, which would have jurisdiction, would be proper to avoid dismissal, if suit had been filed before running of statute of limitations); see also Stewart v. Luedtke Eng'g Co., No. 05-3467, 2006 U.S. Dist. LEXIS 17130, *17-18 (N.D. Cal. Feb. 10, 2006) (transferring suit after concluding that jurisdiction was lacking, because statute of limitations had run).

Thoennes notes that the statute of limitations has run on his FFDCPA claim since the time that he initially filed this suit.[3] Opp'n at 8. Thoennes would therefore suffer clear and immediate prejudice if this Court chose to dismiss the suit, rather than transfer it. Masari argues that the "interest of justice" provision of § 1406(a) should not be used to aid a plaintiff who knowingly filed a suit in the wrong jurisdiction. Reply at 2-3.

Most of the authority that Masari cites to support its position is inapposite. Several of the decisions cited by Masari involved cases in which courts declined to transfer suits that were

---

to incur the alleged debt is not the subject of this suit -- at least not at present. This suit is based on Masari's debt collection efforts, which are not alleged to have occured in the Northern District of California.

[3] Although Thoennes claims that Masari attempted to collect upon the alleged debt as late as February of 2009, Thoennes also alleges debt collection acts that occured earlier than this. Aff. of Thoennes ¶ 7.

filed in the wrong district, but where the plaintiff did not face a statutes of limitations bar that would prevent him from refiling in the correct district. In Mulcahy v. Gurtler, the court refused to transfer a suit under § 1406(a) for the explicit reason that the plaintiff could still refile the suit in the proper jurisdiction, as "nearly a year remains before the expatriation of North Carolina's two-year statute of limitations . . . ." 416 F. Supp. 1083, 1086 (D. Mass. 1976). The Court in Farkas v. Texas Instruments, Inc., simply found that "[n]othing has appeared in the proceedings warranting the conclusion that . . . it is in the interest of justice to transfer the case . . . to another district." 50 F.R.D. 484, 487 (D. Mass. 1969).

Masari also relies upon a Fifth Circuit decision that held that "[i]t is obviously not 'in the interest of justice' to allow this section to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district." Dubin v. United States, 380 F.2d 813, 816 n.5 (5th Cir. 1967). The Fifth Circuit concluded that "[t]he purpose of the statute of limitations is not, therefore, frustrated by this statute." Id. While a plaintiff's lack of diligence can certainly be the basis for dismissal in some cases, the Court declines to rule that an absence of diligence on Thoennes' part requires dismissal of this case. Although Thoennes' rationale for filing this suit in the Northern District of California is thin, the Court does not find it to be so absurd or careless that the interests of justice would be served by dismissing his claims, and barring any hope of recovery. Masari presents no evidence or argument that this suit was brought to harass Masari. Masari will face no injustice if the suit is

transferred. Consequently, the Court finds the requested transfer to be in the interest of justice, and GRANTS Thoennes' request to transfer this suit to the District of Arizona.

Masari also contends that this Court may dismiss this suit for failure of service, whether or not it has personal jurisdiction over Masari. This Court declines to do so. Masari may raise this argument before the district court in Arizona. See Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514, 516 (4th Cir. 1955) (holding that power to transfer "is no less because process has not been served, when failure to make the transfer may result not only in inconvenience but also in denial of justice to one of the parties"); Soto v. Bey Transp. Co., No. 95-9329, 1997 U.S. Dist. LEXIS 10473, *2 n.1 (S.D.N.Y. July 21, 1997) (citing Internatio-Rotterdam, and choosing not to resolve service issue where jurisdiction was lacking, instead transferring suit to another district where issue could be resolved).

### C. Sanctions

Masari has requested that this Court issue sanctions against Thoennes' counsel. MTD at 4. As the Court previously noted, while Thoennes' rationale for filing this suit in the Northern District of California was thin, it was not so absurd as to be vexatious, abusive or frivolous. In addition, Masari's motion for sanctions was filed in direct contravention of Rule 11(b)(2) of the Federal Rules of Civil Procedure, which requires such a motion to be "made separately from any other motion . . . ." Masari's request for Sanctions is DENIED.

### D. Motion for Substitution of Attorney

Thoennes also requests that he be permitted leave to

substitute his attorney, so that he may be represented by counsel that is licensed to practice in Arizona. Opp'n at 8. This request is signed only by Thoennes' current counsel, and is unaccompanied by signatures from Thoennes himself or from the attorney in Arizona who has purportedly agreed to represent Thoennes. This will be a simple matter for Thoennes' counsel to remedy after the transfer.

**V.   CONCLUSION**

Masari's Motion to Dismiss and for Sanctions is DENIED. Masari's Motion to Dismiss is DENIED WITHOUT PREJUDICE as to his arguments under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).

In the interest of justice, the Court GRANTS Thoennes' request to transfer to the District of Arizona. Pursuant to Civil Local Rule 3-14, the Clerk shall transmit the file to the Clerk in the United States District Court for the District of Arizona.

The Court DENIES Thoennes' request for substitution of counsel.

IT IS SO ORDERED.

Dated: November 23, 2009

_____
UNITED STATES DISTRICT JUDGE